**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 16-1533**

_____

KATHRYN T. HOLLIS; ANDRE D. HOLLIS; M.H., an infant, by and
through his father and next friend, Andre D. Hollis,

          Plaintiffs - Appellants,

        v.

LEXINGTON INSURANCE COMPANY; AXIS SURPLUS INSURANCE COMPANY,
INC., d/b/a Axis, d/b/a Axis Insurance, d/b/a Axis Capital,
d/b/a Axis U.S. Insurance; SCHAEFER PYROTECHNICS, INC.;
KIMMEL R. SCHAEFER; JACQUELINE M. GASS,

          Defendants - Appellees.

_____

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  James C. Cacheris, Senior
District Judge.  (1:15-cv-00290-JCC-JFA)

_____

Submitted:  March 3, 2017        Decided:  March 22, 2017

_____

Before NIEMEYER and KING, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Nathan D. Rozsa, Scott A. Surovell, SUROVELL ISAACS PETERSEN &
LEVY PLC, Fairfax, Virginia, for Appellants.  Paul D. Smolinsky,
JACKSON & CAMPBELL, P.C., Washington, D.C., for Appellee
Lexington Insurance Company.  H. Robert Yates, III, O'HAGAN
MEYER PLLC, Richmond, Virginia, for Appellee Axis Surplus
Insurance Company, Inc.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kathryn Hollis and her two sons received injures from a fireworks explosion. The underlying state court action alleges that the fireworks company, its president, and another employee committed 19 breaches of duty that resulted in M.H.'s injuries. The issue in this declaratory judgment action is whether the underlying complaint alleges a single occurrence or 19 occurrences under the fireworks company's applicable insurance policy with Lexington Insurance Company. The policy covers up to $1 million per occurrence and $2 million in the aggregate.

In the present declaratory judgment action, the district court, ruling on cross-motions for summary judgment, found that the underlying complaint alleged one occurrence. We agree and thus affirm.

We review a district court's resolution of cross-motions for summary judgment de novo. Rossignol v. Voorhaar, 316 F.3d 516, 523 (4th Cir. 2003). A district court may only award summary judgment when no genuine dispute of material fact remains and the record shows that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

Here, the district court resolved the cross-motions in favor of the insurer, Lexington.* The dispute is subject to Pennsylvania law.

In the liability insurance context, Pennsylvania law applies a cause approach to defining occurrences. Donegal Mut. Ins. Co. v. Baumhammers, 938 A.2d 286, 293 (Pa. 2007). Under the cause approach, Pennsylvania courts find a single occurrence if there "was but one proximate, uninterrupted, and continuing cause which resulted in all of the injuries and damage." D'Auria v. Zurich Ins. Co., 507 A.2d 857, 860 (Pa. Super. Ct. 1986); see also Baumhammers, 938 A.2d at 294-95.

Here, regardless of the number of alleged negligent acts or victims, the injuries have a single proximate cause — the misfired firework that exploded near Kathryn and her sons. See Baumhammers, 938 A.2d at 296. Because the injuries only have one cause, only one occurrence took place.

Accordingly, we affirm the district court's order resolving the cross-motions for summary judgment in Lexington's favor. We dispense with oral argument because the facts and legal

---

* The district court found the claim against the excess insurer, Axis, non-justiciable. The Hollises have not challenged that ruling on appeal.

4

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED